```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ROBERT FRIEDMAN,

                        Plaintiff,            MEMORANDUM & ORDER
                                              22-CV-978(EK)(JRC)

         -against-

 MORRIS AND PHYLISS FRIEDMAN and
 SELFHELP COMMUNITY SERVICES,

                        Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Robert Friedman filed the instant action in February 2022 against his aunt and uncle, Morris and Phyliss Friedman, and a New York nonprofit social-services agency called Selfhelp Community Services.  The complaint alleges that the defendants are liable for the intentional infliction of emotional distress based on a plan to "have [Plaintiff] locked up" if he contests his "aunt's will and estate."  Compl. 6, ECF No. 1.[1]  Plaintiff is proceeding *pro se* and has invoked the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.[2]

---

    [1] Page numbers in citations to record documents refer to ECF pagination.

    [2] Plaintiff is a citizen of Ohio; Morris and Phyllis Friedman are citizens of New Jersey, and SelfHelp Community Services is a citizen of New York.

Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, however, the complaint is dismissed under 28 U.S.C. 1915 because it fails to state a claim on which relief may be granted.

## I. Background

Plaintiff alleges that he learned of the basis of this action while he was "visiting [his] cousin Marc" in August 2021. Compl. 5. During the visit, Marc "admitted" that Plaintiff's uncle Morris told him about a plan in which Morris and Phyllis would "work together with Selfhelp Community Services to obstruct justice to illegally lock me up in a mental hospital as they did in 2010." *Id*. The 2010 incident to which Plaintiff refers was the subject of a prior case in this court.[3] Plaintiff now alleges that the defendants will "lock me up if I contest my aunt Clara Fischer's will and estate." *Id*. He seeks five million dollars in damages. *Id*. at 6.

## II. Legal Standard

At the pleading stage, "all well-pleaded, nonconclusory factual allegations" in the complaint are assumed

---

[3] *See Friedman v. Self Help Community Services*, No. 11-CV-3210, 2015 WL 1246538, at *1 (E.D.N.Y. Mar. 17, 2015), *aff'd sub nom. Friedman v. Self Help Community Services, Inc.,* 647 F. App'x 44 (2d Cir. 2016). There, Plaintiff sued the defendants named here (and others) for their alleged roles in Plaintiff's involuntary commitment to a psychiatric hospital for several months. The 2011 action was dismissed based on the district judge's conclusion that it was frivolous and failed to state a claim of conspiracy. *Id*.

to be true.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010).[4]  *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Williams v. Bronx County Child Support Customer Service Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### III. Discussion

The intentional infliction of emotional distress is a state-law tort. "A federal court sitting in diversity applies the choice-of-law rules of the forum state." *See Kinsey v. New York Times Company*, 991 F.3d 171, 176 (2d Cir. 2021). Thus, New York's choice of law rules apply. "The first step in any choice of law inquiry is to determine whether there is an actual conflict between the rules of the relevant jurisdictions." *Id*.

Here, there is no such conflict. Under New York law, "a plaintiff claiming intentional infliction of emotional distress must plead four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Friedman*, 647 F. App'x at 47. The elements are substantively similar under New Jersey and Ohio law.[5] Thus, the law of the forum — New York — applies. *See Wall v. CSX Transp., Inc.*, 471 F.3d 410, 422-23 (2d Cir. 2006).

4

Even read liberally, the complaint does not plausibly allege these elements. "The standard for stating a valid claim of intentional infliction of emotional distress is rigorous, and difficult to satisfy." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993); *see also Ibraheem v. Wackenhut Services, Inc.*, 29 F. Supp. 3d 196, 215 (E.D.N.Y. 2014) ("In New York, the tort of IIED is extremely disfavored."). To succeed, a plaintiff must show that the defendant's actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell*, 81 N.Y.2d at 122. (quoting Restatement (Second) of Torts § 46, comment d (1965)). Indeed, "[a]ctions likely to be considered reprehensible by most people are not sufficient." *DiRuzza v. Lanza*, 685 F. App'x 34, 37 (2d Cir. 2017) (applying New York law); *see also Chanko v. American Broadcasting Companies Inc.*,

---

[5] *See Kanofsky v. University of Medicine & Dentistry of New Jersey,* 50 F. App'x 546, 548 (3d Cir. 2002) ("The elements of such a claim pursuant to New Jersey law are (1) extreme and outrageous conduct, (2) intent to commit both the act and the emotional distress, (3) proximate cause, and (4) emotional distress so severe that no reasonable person could endure it."); *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 618-619 (6th Cir. 2014) ("Under Ohio law, to prevail on a claim for intentional infliction of emotional distress, a plaintiff must establish the following four elements: 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable man could be expected to endure it.").

27 N.Y.3d 46, 57 (2016) (concluding that a broadcaster's airing of recording of a patient's last moments of life "was not so extreme and outrageous" even though the conduct "would likely be considered reprehensible by most people"). Whether a plaintiff's allegations "may reasonably be regarded as so extreme and outrageous as to permit recovery is a matter for the court in the first instance." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999); *see also Howell*, 81 N.Y.2d at 121 ("In practice, courts have tended to focus on the outrageousness element, the one most susceptible to determination as a matter of law.").

The instant complaint speaks of a plot, allegedly hatched in or before 2012, that had not come to pass by the time that Plaintiff learned of it in 2021. Compl. 5 (alleging that "Morris told" Marc about the scheme "in 2012 but Marc admitted it to me in August 2021"). Plaintiff has made no allegation that the plot was carried out even in part, nor that any third party was told about it. The complaint contains no suggestion that Plaintiff was "physically threatened, verbally abused, or publicly humiliated in any manner." *Conboy v. AT&T Corp.*, 241 F.3d 242, 258-59 (2d Cir. 2001). Plaintiff's allegations, taken as true, thus do not "go beyond all possible bounds of decency" or describe conduct that is "utterly intolerable in a civilized society." *Stuto*, 164 F.3d at 827. The complaint also falls

6

short in its allegations of causation, among other elements; it is difficult to fathom how the defendants' conduct — alleged to have occurred prior to the 2012 conversation between Morris Friedman and Plaintiff's cousin — could serve as the proximate cause of Plaintiff's 2021 emotional distress.

### IV.   Conclusion

The complaint filed, *in forma pauperis*, is dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff shall have thirty days to file an amended complaint.  Plaintiff is warned that any amended complaint that fails to satisfy an element of the claim may be dismissed with prejudice.

The Court certifies that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                    /s/ Eric Komitee
                                                    ERIC R. KOMITEE
                                                    United States District Judge

Dated:    Msy 13, 2022
          Brooklyn, New York